**UNITED STATES of America,**
**Appellee,**

v.

**Mordechai SAMET, Defendant–**
**Appellant.**

**Docket No. 01–1224.**

United States Court of Appeals,
Second Circuit.

May 25, 2001.

Samuel I. Burstyn, Miami, FL, for appellant.

Maria A. Barton, Assistant United States Attorney, New York, NY; Mary Jo White, United States Attorney for the Southern District of New York, for appellee.

Present OAKES, VAN GRAAFEILAND and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant–Appellant's motion to vacate the district court's bail order is DENIED and Appellee's motion for a limited remand is GRANTED.

Defendant-appellant Mordechai Samet ("Samet") moves this Court, pursuant to Fed.R.App.P. 9(a), to vacate an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) revoking bail and ordering Samet's pretrial detention. Appellee United States of America moves this Court for a limited remand to allow the district court: (1) to consider the effect of Israel's statute permitting extradition of Israeli residents on its finding that Samet is a flight risk and that no reasonable conditions can be set to assure his presence at trial; and (2) to clarify its findings regarding the telephone service at Samet's residence.

Because the record indicates that the district court erroneously assumed that Israel does not extradite Israeli residents such as Samet, and because the district court's comments regarding the telephone service at Samet's residence are ambiguous, we grant the Government's motion for a limited remand. On remand, the district court should consider the two issues raised by the Government and should clarify its bases for ordering Samet's pretrial detention. This Court denies Samet's motion to vacate the bail order and declines to order Samet's release pursuant to Fed.R.App.P. 9(a)(3) pending the remand to the district court.

For the reasons discussed above, the Samet's motion to vacate the district court's bail order is DENIED and the Government's motion for a limited remand is GRANTED.